# Richmond

## SAMUEL BURNETTE v. COMMONWEALTH OF VIRGINIA.

April 23, 1962.

Record No. 5401.

Present, All the Justices.

*Dabney Overton* (*Overton & Overton*, on brief), for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

EGGLESTON, C. J., delivered the opinion of the court.

Samuel Burnette, hereinafter called the defendant, was prosecuted under a warrant which charged that he "did on the 24 day of March, 1961: Unlawfully possess, store and offer for sale illegal type fireworks in violation 59-214 of the Code of Virginia." He was convicted in the county court and appealed to the circuit court where he was tried by a jury which found him "guilty of storing and offering for sale illegal type of fireworks * * * as charged in the within warrant." The verdict fixed his punishment at confinement in jail for six months and a fine of $100. The defendant's motion to set aside the verdict was overruled and judgment was entered thereon. We granted the defendant a writ of error.

Under the only assignments of error which we need consider, the defendant challenges the rulings of the trial court in, (1) permitting the attorney for the Commonwealth in his opening statement to the jury to refer to certain evidence which he proposed to introduce, and later in permitting the introduction of this evidence; and (2) denying his motion to set aside the verdict for the insufficiency of the evidence to support it.

The proceedings at the trial were not transcribed and are before us in narrative form. It appears that in his opening statement as to what the prosecution expected to prove, the attorney for the Commonwealth related that when W. F. Davis, deputy sheriff, was in the vicinity of the defendant's store on March 24, 1961, he noticed a car in which several sailors were riding "pull away from the defendant's place of business;" that when the car had gone some two miles farther he saw one or more of the sailors throw out of the car firecrackers which exploded on the highway; that Davis stopped the car and found in it a paper bag containing ten firecrackers; that Davis then procured a search warrant authorizing him to search the defendant's premises and accompanied by two State troopers proceeded to do so.

Counsel for the defendant objected to this statement on the ground that it was irrelevant and prejudicial to him. The trial court ruled that the statement was admissible to explain why the officer had procured the search warrant, but instructed the jury that "this statement" should not be considered by them in arriving at the guilt or innocence of the accused.

When Davis was called as a witness for the prosecution he testified substantially as the attorney for the Commonwealth had predicted that he would, with the added observation that earlier he had seen the car occupied by the sailors "at the defendant's novelty shop." After counsel for the defendant had objected to this testimony the trial court again told the jury that it "would be received for one purpose only and that was to explain why he [Davis] obtained the search warrant," and instructed them that they "should not consider the said evidence in determining the guilt or innocence of the accused."

The deputy sheriff further testified that when he and the troopers went to the defendant's store or "gift and novelty shop" and read the warrant to him, the defendant agreed to the search, stating that he had on his premises no "unlawful fireworks." Davis testified that a search of the store revealed "a large display of legal fireworks, including sparklers;" that in one box marked "Sparklers" they found 12 firecrackers in a paper bag similar to the one he had found in the sailors' car. He said that the defendant denied to him and the troopers that he had sold any fireworks to the sailors.

Davis and the troopers then searched the defendant's residence and found in a "false fireplace" a large number of packages of various assorted "firecrackers and rockets."

The two troopers who had accompanied the deputy sheriff testified substantially as he had done. The sailors were not available at the trial and the defendant offered no evidence.

The trial court gave the jury both written and verbal instructions. Such objections as were made to them in the lower court are not pressed on appeal.

Code, § 59-214, as amended by Acts 1950, ch. 250, p. 423, under which the prosecution was laid, reads as follows:

"*When manufacture, transportation, sale, etc., of fireworks unlawful.*—Except as otherwise provided in this chapter, it shall be unlawful for any person, firm or corporation to transport, manufacture, store, sell, offer for sale, expose for sale, or to buy, use, ignite or explode any firecracker, torpedo, skyrocket, or other substance or thing, of whatever form or construction, containing nitrates, chlorates, oxalates,

sulphides of lead, barium, antimony, nitroglycerine, phosphorus or any other explosive or inflammable compound or substance, and intended, or commonly known, as fireworks."

The critical issue before the jury, as indicated by the court's instructions and the verdict, was whether the defendant was guilty of "storing and offering for sale" "illegal type fireworks" as charged in the warrant. While the trial court did not instruct the jury as to what types of fireworks are within the prohibition of the statute, it seems to have been conceded both in the lower court and on this appeal that "firecrackers" are within the prohibition of the statute, and therefore illegal, while "sparklers" are not.

According to the statement of the incidents of the trial, counsel for the defendant "concedes that the firecrackers found in the store and most, if not all, of the fireworks found in the home are illegal," and that "there was evidence before the jury" from which they could "believe that the defendant knew this." Consequently, the defendant has conceded on this appeal that there was sufficient evidence to warrant the finding by the jury that he was guilty of "storing" illegal fireworks in violation of the statute. The remaining issue on the sufficiency of the evidence is whether there was sufficient proof to warrant the finding that the defendant was also guilty of "offering" them for sale.

Before discussing the sufficiency of the evidence, we will consider briefly the defendant's assignment of error as to the admission of that part of the testimony of Davis, the deputy sheriff, which was referred to in the opening statement of the attorney for the Commonwealth and objected to by the defendant. The effect, if not the purpose, of this testimony was to show that the defendant had sold to the sailors the firecrackers which the officers found in their car. Whether such testimony was of sufficient probative value to go to the jury on this issue we need not decide, because, as has been said, the trial court ruled and instructed the jury that it was not admissible for this purpose, but was admissible merely to explain why the officer had obtained the search warrant. While the testimony of this officer perhaps went beyond the mere explanation of his reason for procuring the search warrant, in view of the trial court's ruling and instruction to the jury on the purpose and effect of such testimony, we hold that its admission was not prejudicial error. The same is true of the statement of the Commonwealth's attorney with respect to the same matter. See *Hall* v. *Commonwealth*, 145 Va. 818, 821, 133 S. E. 683.

■ The principal question presented to us is whether there is sufficient evidence to support the jury's finding that the defendant was "guilty of storing and offering for sale" illegal fireworks. While, as has been said, the defendant concedes that the evidence is sufficient to warrant a finding that he was guilty of "storing" such illegal articles, there is, he says, no evidence that he was guilty of "offering" them for sale.

We agree with this contention. It is argued in the brief of the Commonwealth that the jury had the right to infer from the testimony of the deputy sheriff that the defendant had sold the fireworks to the sailors, and thus was guilty of offering them for sale. But this argument runs counter to the ruling of the trial court that such testimony was not admissible for that purpose and the instruction to the jury that they "should not consider said evidence in determining the guilt or innocence of the accused." The defendant had the right to rely on this ruling and thereafter was not called upon to offer evidence that he had not sold the firecrackers to the sailors.

There is no evidence that the defendant had sold or displayed for sale these contraband articles. It is true that the open display of goods by a merchant indicates that they are offered for sale. But proof in the present case that these articles were stored in the defendant's place of business in boxes marked with the names of other merchandise was not proof beyond a reasonable doubt that they were displayed for sale. There was nothing to indicate to a prospective customer that these boxes contained illegal fireworks which were being offered for sale. Certainly, concealing such articles in a false fireplace in the defendant's residence was not displaying or offering them for sale. In short, there is no evidence to warrant the jury's finding that the defendant was guilty of "offering for sale" these articles.

■ But it is argued by the Commonwealth that the verdict should stand because, it says, since the several acts forbidden in the statute are charged conjunctively in the warrant, that is, that the defendant did "Unlawfully * * * store and offer for sale" illegal fireworks, proof of either is sufficient to warrant a conviction under the principles laid down in *Morganstern* v. *Commonwealth*, 94 Va. 787, 26 S. E. 402. In that case an accused was charged in a single count in an indictment with (1) opening his barroom between Saturday night and Monday morning, and (2) selling intoxicating liquors therein. In overruling the contention that the count in the indictment was bad for duplicity, it was held that opening the barroom during forbidden

hours and selling intoxicating liquors therein at the same time constituted a single offense and that proof of either was sufficient to sustain a conviction. As the opinion reasoned, "Where the several acts specified in the statute are conjunctively charged in the same count of an indictment, the proof of any one of them is sufficient to authorize a conviction." 94 Va., at page 790.

To the same effect see 42 C. J. S., Indictments and Informations, § 251, p. 1268; 27 Am. Jur., Indictments and Informations, § 104, p. 665, and cases there cited.

The conviction here cannot be sustained under the above-stated principle. We may assume, without deciding, that the several acts specified in Code, § 59-214, *supra,* if committed at the same time, constitute a single offense, and that proof of the commission of any one of them would have been sufficient to sustain a general verdict indicating a conviction of the charge of violating the statute.

But in the present case we do not have a general verdict of guilty resting upon a finding that the defendant has violated the statute by the commission of one of several unlawful acts. According to the express language of the verdict, the jury have found that the defendant violated the statute by committing two separate illegal acts, as to one of which, the "offering for sale," there *is* no evidence.

It is clear that in reaching this verdict the jury ignored the court's instruction to them that "if you believe the defendant guilty beyond a reasonable doubt of only storing illegal fireworks as prohibited by the statute, but of not offering them for sale, then you may find the defendant guilty of storing illegal fireworks." Or, perhaps, the jury may have misunderstood the limitation which the trial court placed upon the testimony of the deputy sheriff and contrary to the court's instruction drew from such testimony the inference that the defendant had offered for sale and sold the firecrackers to the sailors.

It is manifest that the defendant should not have been found guilty of "offering for sale" illegal fireworks. Yet he was so found, contrary to both the evidence and the instruction of the court. It may well have been that the penalty imposed on him was based on the double finding. In any event, since that finding of the jury was without evidence to support it, the verdict should have been set aside by the trial court.

Accordingly, the judgment complained of will be reversed, the verdict of the jury set aside, and the case remanded for a new trial. It is so ordered.

*Reversed and remanded.*